J-A24008-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| V.P.V. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.V. | : | No. 629 WDA 2017 |

Appeal from the Order April 7, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 15-01764-008

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

CONCURRING STATEMENT BY SOLANO, J.: FILED NOVEMBER 03, 2017

In custody cases, our disposition is governed in large part by our standard of review, which requires us to accord substantial deference to the trial court's decision. Doing so here, I join the Majority in voting to affirm. But I do so with misgivings.

This case is about the parties' three sons, who are 10, 12, and 15 years old. Here, as in all custody cases, our concern is the best interests of the children — not the best interests of their parents. The trial court constructed an order, however, that focuses in large part on the interests of the boys' mother in improving her relationship with her sons. The court explained that it views that goal as in the boys' best interests and as "an imperative," and, on this record, we are in no position to second-guess the trial court's judgment on that matter. But the trial court itself described aspects of the order it fashioned to achieve that goal as "drastic." Under that order, the boys may

be removed from their father's care and placed into a foster home if they are not sufficiently cooperative in meeting with their mother. If that happens, the order provides that the boys would be deprived of any contact with their father for three months. The record makes clear that their father plays a very important role in the boys' lives, and that they look up to him and follow his direction. The record also contains expert testimony that the boys may view implementation of the order as punitive towards them, an impression that certainly would be understandable. Removing these boys from their father thus is a cause of legitimate concern. We were informed at oral argument that after the order went into effect, the oldest boy tried to run away has been placed in foster care.

The trial court has candidly expressed its frustration with the boys' father in this case. Extreme care is needed to assure that the court's efforts to combat the father's recalcitrance do not end up subjecting the children to collateral damage. Courts in custody matters have the ability to reassess their decrees as conditions change, and I trust that the trial court will determine whether it should do so here to assure that its order does not cause these children harm that outweighs the "imperative" goal the trial court seeks to achieve.